UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

LISTON ALEXIS,

                         Petitioner,

       -against-

J. DAVIS, WARDEN, G.M.D.C., NYC Dept. of
Correction,

                      Respondent.

------------------------------------------------------------ x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT

★   NOV 18 2010

P.M. _____
TIME A.M. _____

MEMORANDUM & ORDER

10-CV-5031 (ENV)

**VITALIANO, D.J.**

On October 25, 2010, <u>pro se</u> petitioner, incarcerated at Rikers Island, filed this petition

seeking a writ of habeas corpus challenging a 2009 Kings County indictment.  Pursuant to Rule 4

of the Rules Governing Section 2254 cases in the United States District Courts, 28 U.S.C. foll.

Sec. 2254, the Court has reviewed the petition and determined that petitioner is not entitled to

relief in this Court.  The petition is dismissed without prejudice.

## DISCUSSION

While petitioner captions the petition for this Court, he states that he brings the petition

for a writ of habeas corpus pursuant to New York state law, CPLR § 7000.  The Court construes

the submission as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as it is the

only possible basis for jurisdiction.

Before a federal court may entertain a habeas corpus petition on behalf of a state prisoner,

the petitioner must first exhaust her or his available state remedies.  <u>See</u> 28 U.S.C. § 2254(b) and

(c); <u>Woodford v. Ngo</u>, 548 U.S. 81, 126 S.Ct. 2378, 2386-87 (2006) (explaining that "[a] state

prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly

presented his or her claims through one complete round of the State's established appellate



1

review process") (citation and internal quotations omitted); Jimenez v. Walker, 458 F.3d 130, 48-49 (2d Cir. 2006); Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997); Daye v. Attorney General of New York, 696 F.2d 186, 190 (2d Cir. 1982) (en banc). Premised on the principles of comity, the exhaustion doctrine assures the "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions," Daye, 696 F.2d at 191, and "increas[es] the likelihood that the factual allegations necessary to a resolution of the claim will have been fully developed in state court, making federal habeas review more expeditious." Id. Although both federal and state courts are charged with securing a state criminal defendant's federal rights, the state courts must be given the opportunity to consider and correct any violations of federal law. Jones, 126 F.3d at 413.

Here, it is clear that petitioner has not yet been convicted in state court and certainly has not exhausted his available state court remedies. On July 14, 2009, a complaint was filed in the criminal court of Kings County, New York charging petitioner with rape in the third degree, sexual misconduct, and endangering the welfare of a child in violation of New York State Penal Law §§ 130.25, 130.20, 260.10. Petitioner was indicted on these charges on September 9, 2009. It appears that the charges against petitioner are still pending. See Petition at 4; see also, http://a072-web.nyc.gov/inmatelookup/ (last visited November 2, 2010) (petitioner's next court date was then docketed for November 9, 2010). Accordingly, this petition is premature and must be dismissed pursuant to 28 U.S.C. § 2254 (b)(1)(A), (c).[1]

## CONCLUSION

In line with the foregoing, the petition for a writ of habeas corpus pursuant to 28 U.S.C. §

---

[1] A petition dismissed for failure to exhaust state court remedies does not count for the purpose of determining whether a future petition is second or successive. See Camarano v. Irvin, 98 F.3d 44, 46 (2d Cir. 1996) (no "second or successive" petition within the meaning of 28 U.S.C. § 2244 where earlier petition dismissed without prejudice for failing to exhaust state remedies). However, any new petition must be filed within the one year period of limitations. See 28 U.S.C. § 2244(d)(1).

2254 filed in forma pauperis is dismissed without prejudice for the reasons set forth above. As petitioner has not made a substantial showing of the denial of constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk is directed to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
November 18, 2010

ERIC N. VITALIANO
United States District Judge